IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FLATHEAD WARMING CENTER, | CV 24–141–M–DLC |
| Plaintiff, | |
| v. | ORDER |
| CITY OF KALISPELL, | |
| Defendant. | |

Before the Court is Plaintiff Flathead Warming Center and Defendant City of Kalispell's Joint Motion for an Order of Dismissal and a Consent Decree. (Doc. 40.) The Motion is GRANTED, and the Court enters this order (1) dismissing the above-entitled matter with prejudice as fully settled on the merits and (2) incorporating the terms of settlement as a consent decree. It is THEREFORE ORDERED:

1. The above-entitled matter is DISMISSED WITH PREJUDICE as fully settled on the merits. The parties shall bear their own fees and costs except as otherwise provided below.

2. The terms of settlement, as reflected in the attached MDTL Release, are INCORPORATED HEREIN BY REFERENCE AND ENTERED AS A CONSENT DECREE.

1

3. The Clerk of Court is directed to close this case file.

DATED this 3rd day of April, 2025.

*[signature: Dana L. Christensen]*

Dana L. Christensen, District Judge
United States District Court

# EXHIBIT

## COMPREHENSIVE, FINAL AND IRREVOCABLE
## MUTUAL RELEASE OF ALL CLAIMS AND SETTLEMENT AGREEMENT

| | |
|---|---|
| PARTIES: | FLATHEAD WARMING CENTER AND THE CITY OF KALISPELL |
| DESCRIPTION OF CASUALTY: | ANY AND ALL CLAIMS BETWEEN THE PARTIES RELATING IN ANY WAY TO THE RESCISSION / REVOCATION OF THE FLATHEAD WARMING CENTER'S CONDITIONAL USE PERMIT IN CASE NO. 9:24-CV-00141-KLD (THE "FLATHEAD WARMING CENTER CUP LITIGATION"), UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION (THE "COURT") |
| SUM OF SETTLEMENT: | $140,000 IN ATTORNEY FEES |

1. Release

For and in consideration of the mutual promises and terms of the settlement stated herein, the Parties, as mutual releasors, fully and forever release and discharge each other, and covenant not to sue each other, their respective heirs, personal representatives, successors, assigns, agents, partners, shareholders, officers, employees, city council members, board members, and attorneys from any and all actions, claims, causes of action, demands, or expenses for damages or injuries, whether asserted or unasserted, known or unknown, foreseen or unforeseen, either arising from the facts and circumstances on which the Flathead Warming Center CUP Litigation is based or otherwise relating in any way to the above-described casualty (the "Release"). This Comprehensive, Final and Irrevocable Mutual Release of All Claims and Settlement Agreement (the "Release Agreement"), however, shall not apply to or limit the rights of the Parties to bring an action to enforce the terms hereof. Other than the above-listed sum of settlement, each Party shall pay their respective costs and attorneys' fees.

2. Future Damages

Inasmuch as the injuries, damages, and losses relating in any way to the above-described casualty may not be fully known and may be more numerous or more serious than it is now understood or expected, the Parties agree, as further consideration of this agreement, that this Release applies to any and all claims, injuries, damages and losses relating in any way to the above-described casualty, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

3. Settlement Terms

In addition to the mutual release of all claims between the Parties, the Parties agree to the

settlement terms as outlined in Exhibit A, the Settlement Agreement (the "Settlement Agreement"), attached hereto, which is incorporated herein by reference.

4.      Conditions to Effectiveness

As described in Exhibit A, this Release Agreement becomes effective on the later to occur of:

(1) Kalispell City Council's passage of the resolution described in Paragraph 6 of the Settlement Agreement.

(2) The Court's entry of a consent decree in Flathead Warming Center v. City of Kalispell; Case No. 9:24-cv-00141-KLD, that incorporates the Settlement Agreement and the Release Agreement and dismisses the cause with prejudice as fully settled upon the merits (the "Consent Decree").

If either of the above two conditions are not satisfied, this Release Agreement does not become effective and the Settlement Agreement shall be considered null and void and of no effect.

5.      No Admission of Liability

It is understood that the above-mentioned sum of settlement, the Release, and the Settlement Agreement are accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither satisfaction of the settlement terms nor the negotiations for settlement shall be considered as an admission of liability.

6.      No Additional Claims

The Parties each represent that no additional claims are contemplated against any other party potentially liable for the losses, damages, and injuries for which this release is given. If any additional claim is made that directly or indirectly results in additional liability exposure to either of the Parties for the losses, injuries, and damages for which this Release is given, the Parties each covenant and agree to indemnify and save the other Party harmless from all such claims and demands, including reasonable attorneys' fees and all other expenses necessarily incurred.

7.      Future Cooperation

The Parties agree to reasonably cooperate to execute any and all additional documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Release Agreement.

8.      No Reliance

The Parties warrant, represent and agree that they are not relying on any advice of any other party or their attorneys as to the legal, income tax or any other consequence of any kind arising from this Release Agreement and the settlement. The Parties and their respective attorneys shall not be liable to each other if the legal, income tax or other consequences of this Release Agreement

and settlement are other than those anticipated.

9. Choice of Law and Parol Evidence

This Release Agreement constitutes the entire agreement between the Parties and fully extinguishes and supersedes any and all prior oral agreements or agreements which are contrary to the foregoing. The laws of the State of Montana shall apply to the interpretation of this Release Agreement.

10. Disclaimer

The Parties have carefully read the foregoing, had an opportunity to discuss its legal effect with an attorney of its choosing, understand the contents thereof, and sign the same of Parties' own free will and accord.

This Release shall be binding upon Parties' heirs, successors, personal representatives and assigns.

DATED this 18th day of March, 2025.

FLATHEAD WARMING CENTER

_____
Tonya Horn, Director

**APPROVED BY:**

INSTITUTE FOR JUSTICE

By: _____
Jeff Rowes
Christen Hebert
*Attorneys for Flathead Warming Center*

DATED this 27th day of March, 2025.

CITY OF KALISPELL

_____
Doug Russell, City Manager

**APPROVED BY:**

HAMMER, QUINN & SHAW PLLC

By: _____
Marcel A. Quinn
Todd A. Hammer
*Attorneys for City of Kalispell*

Exhibit A

# SETTLEMENT AGREEMENT

## Flathead Warming Center v. City of Kalispell

This case is settled as follows:

1. **Occupancy Agreement.** The Warming Center agrees to continue to enforce the terms of its Occupancy Agreement. The Warming Center periodically updates its Occupancy Agreement and may do so as it deems necessary; however, it will not make the "Good Neighbor" and "Enforcement" provisions on page 1 more permissive/less restrictive.

2. **Improvement of Relationships for the neighborhood:**

    a. **Lines of Communication**

        i. **Phone.** The Center shall use its phone number for persons to call into or contact the Center to receive and make a record of complaints.

        ii. **Web.** The Center shall maintain a form on its website for submission of complaints or concerns.

        iii. **Email.** The Center shall use flatheadwarmingcenter@gmail.com for persons to report complaints.

        iv. **Quarterly Board Meeting.** The Center agrees to hold an in person board meeting quarterly, part of which is open to the public, and provides a opportunity to members of the public to raise complaints or concerns about the Center's impact on the neighborhood.

    b. **Prompt Response.** The Center agrees to timely respond to complaints and concerns raised by third parties, including neighborhood residences and businesses. The response shall be documented in writing.

3. **Transportation of Guest or Patrons into and outside Neighborhood.** It remains the Center's goal to provide transportation to guests. The Center has sought and will continue to seek grant funding on this issue.

4. **Periodic Clean-up Patrols.** The Center shall conduct periodic clean-up patrols of the sidewalks within a quarter mile of the Warming Center on a routine and regular basis to assist with reducing and cleaning up litter.

5. **City Point of Contact.** The City designates its City Manager as the point of contact for the public on homelessness issues, including the point of contact for the Warming Center. The City Manager will, with reasonable promptness, respond to such contacts. The response will be documented in writing.

6. **Subsequent resolution.** The City will pass a resolution to settle the case, rescind Resolution 6227, and reinstate the CUP without qualification. As the Court found in its preliminary injunction order, "Kalispell Zoning Code provides that '[t]he Conditional Use Permit shall run with the lot, building, structure, or use and shall not be affected by changes in ownership.' 27.33.060(1). This language indicates the existence of a vested property right" subject to the terms and conditions of the CUP.

7. **Apology to Tonya**. The City shall publicly apologize to Tonya Horn as follows: "The CUP rescission process and litigation has resulted in various accusations, some of which have unfairly landed on the Warming Center's executive director, Tonya Horn. The City does not believe Ms. Horn committed perjury or lied in the Warming Center's CUP application process. The City apologizes to Ms. Horn."

8. **Attorneys' Fees**. The City agrees to pay $140,000 in attorney's fees in resolution of this matter.

9.  **Release.** The parties will execute a standard mutual MDTL release of all claims related in any way to the subject matter of this cause, incorporating the terms of this agreement and attaching this agreement as an exhibit.

**10. Consent Agreement.** The parties will submit the terms of this settlement agreement to the Court for entry as a consent decree.

**11. City Council Approval.** This agreement is contingent upon City Council approval. Approval process not to be unreasonably delayed or withheld.

_____     _____
**o/b/o City of Kalispell**                              **o/b/o Flathead Warming Center**